UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
WESTERN DIVISION

| | | |
|---|---|---|
| MAYDA J. PATTON, | ) | CIV. 10-5016-JLV |
| | ) | |
| Plaintiff, | ) | ORDER |
| | ) | VACATING THE DECISION |
| vs. | ) | OF THE COMMISSIONER |
| | ) | AND REMANDING FOR |
| MICHAEL J. ASTRUE, | ) | NEW HEARING |
| Commissioner, Social Security | ) | |
| Administration, | ) | |
| | ) | |
| Defendant. | ) | |

**INTRODUCTION**

On September 5, 2006, plaintiff Mayda J. Patton applied for disability insurance benefits ("DIB") and supplemental security income ("SSI") pursuant to Titles II and XVI of the Social Security Act, 42 U.S.C. §§ 401-33, 1381-83f (2006), respectively. (Administrative Record, pp. 12, 101-107).[1] These filings have a protective date of August 23, 2006. (JSMF ¶ 1). Her claims were denied initially and upon reconsideration. Id. An administrative law judge (ALJ) held an evidentiary hearing on February 26, 2009. Id. Ms. Patton appeared *pro se*. Id. The ALJ issued a written decision on April 2, 2009, adverse to Ms. Patton, concluding she was not disabled (the "ALJ Decision"). Id.; see also ALJ Decision, AR, pp. 12-20. The Appeals Council denied Ms. Patton's request for review. Id. The

---

[1]The court will cite to information in the administrative record by referencing "AR, p. ____." The parties filed a Joint Statement of Material Facts ("JSMF"). (Docket 18).

decision of the ALJ became the final decision of the Commissioner.  Id.  Ms. Patton timely filed her complaint in district court.  (Docket 1).

The court issued a briefing schedule requiring the parties to file a JSMF.  (Docket 11).  If there were any disputed facts, the parties were required to attach a separate joint statement of disputed facts.  Id.  The parties filed their JSMF.[2]  The parties also filed a joint statement of disputed material facts.  (Docket 19).  Ms. Patton then filed a motion for order reversing the decision of the Commissioner or for remand for new hearing.  (Docket 20).  Following briefing, the motion is ripe for resolution.

For the reasons stated below, plaintiff's motion is granted in part and denied in part and the matter is remanded to the Commissioner for a new hearing consistent with this order.

## FACTUAL AND PROCEDURAL HISTORY

The parties' JSMF is incorporated by reference.  Further recitation of salient facts is included in the discussion section of this order.

## STANDARD OF REVIEW

The Commissioner's findings must be upheld if supported by substantial evidence in the record as a whole.  42 U.S.C. § 405(g); Choate v. Barnhart, 457 F.3d 865, 869 (8th Cir. 2006).  The court reviews the

---

[2]A redacted copy of the JSMF also appears as Docket 26.

Commissioner's decision to determine if an error of law was committed. Smith v. Sullivan, 982 F.2d 308, 311 (8th Cir. 1992).

"Substantial evidence is less than a preponderance, but is enough that a reasonable mind would find it adequate to support the Commissioner's conclusion." Cox v. Barnhart, 471 F.3d 902, 906 (8th Cir. 2006) (internal citation and quotation marks omitted). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support the Commissioner's decision. Choate, 457 F.3d at 869 (quoting Ellis v. Barnhart, 392 F.3d 988, 993 (8th Cir. 2005)). The review of a decision to deny disability benefits is "more than an examination of the record for the existence of substantial evidence in support of the Commissioner's decision . . . [the court must also] take into account whatever in the record fairly detracts from that decision." Reed v. Barnhart, 399 F.3d 917, 920 (8th Cir. 2005) (quoting Haley v. Massanari, 258 F.3d 742, 747 (8th Cir. 2001)).

It is not the role of the court to re-weigh the evidence and, even if this court would have decided the case differently, it cannot reverse the Commissioner's decision if that decision is supported by good reason and is based on substantial evidence. Guilliams v. Barnhart, 393 F.3d 798, 801 (8th Cir. 2005). A reviewing court may not reverse the Commissioner's decision " 'merely because substantial evidence would have supported an

opposite decision.' " Reed, 399 F.3d at 920 (quoting Shannon v. Chater, 54 F.3d 484, 486 (8th Cir. 1995)).

## DISCUSSION

As part of the submission in support of Ms. Patton's motion to reverse the decision of the Commissioner, she attached one hundred pages of medical records which she asserts the ALJ failed to request and, thus, failed to consider prior to issuing the decision.  See Dockets 21, pp. 22-23, and 21-1, pp. 1-100.  It is troubling to the court that Ms. Patton did not make reference to these medical records in the JSMF.  Certainly, these medical records, which Ms. Patton now calls "undeveloped relevant evidence," (Docket 21 at p. 22) were available to Ms. Patton and her attorney during the time the parties were developing the JSMF and joint statement of disputed facts as contemplated by the briefing schedule.  (Docket 11).  Equally troubling is the Commissioner's memorandum on this issue.  (Docket 28, pp. 22-25).

"Sentence six of 42 U.S.C. § 405(g) authorizes [the court] to remand a case to the Commissioner where 'new and material evidence is adduced that was for good cause not presented during the administrative proceedings.' " Krogmeier v. Barnhart, 294 F.3d 1019, 1024-25 (8th Cir. 2002) (citing Buckner v. Apfel, 213 F.3d 1006, 1010 (8th Cir. 2000)).  "The court . . . may at any time order additional evidence to be taken before the Commissioner

4

. . . , but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding . . . ." 42 U.S.C. § 405(g) (sentence 6). "Material evidence is non-cumulative, relevant, and probative of the claimant's condition for the time period for which benefits were denied, and there must be a reasonable likelihood that it would have changed the [Commissioner's] determination." Krogmeier, 294 F.3d at 1025 (internal citation and quotation marks omitted).

     The Commissioner acknowledges he has a duty to develop the record of medical sources for at least the twelve months preceding the month in which Ms. Patton filed her application. (Docket 28, p. 23) (citing 20 C.F.R. §§ 404.1512(d), (d)(2), and 416.912(d), (d)(2)). "Our responsibility. Before we make a determination that you are not disabled, we will develop your complete medical history for at least the 12 months preceding the month in which you file your application . . . . We will make every reasonable effort to help you get medical reports from your own medical sources when you give us permission to request the reports." 20 C.F.R. §§ 404.1512(d) and 416.912(d)(2). The Commissioner also acknowledged that medical evidence up to April 2, 2009, the date of the ALJ's decision, is pertinent to the Commissioner's evaluation of Ms. Patton's medical condition. (Docket 28, p. 23).

The ALJ has the duty to "fully and fairly develop the record so that a just determination of disability may be made. . . ." Clark v. Shalala, 28 F.3d 828, 830 (8th Cir. 1994). The duty included the obligation to "develop a reasonably complete record." Id. at 830-31. See also Baker v. Barnhart, 457 F.3d 882, 895 (8th Cir. 2006) (Haney, J., dissenting) ("It is settled law in this circuit that social security hearings are nonadversarial, and the ALJ is responsible, independent of the claimant's burden, for fully and fairly developing the record."). Reversal of the ALJ's decision "due to failure to develop the record is only warranted where such failure is unfair or prejudicial." Haley v. Massanari, 258 F.3d 742, 750 (8th Cir. 2001) (citing Shannon v. Chater, 54 F.3d 484, 488 (8th Cir. 1995) (internal quotation marks omitted).

When Ms. Patton completed a disability report on May 28, 2007, she provided the agency with the following:

> When I initially applied to SSI I listed several conditions in which I am unable to keep a full-time job due to my disabilities. I've noticed that my claim for chronic back pain was never pursued in my scheduled visits to several doctors which you scheduled. I have listed back pain in my initial application and since that initial application have developed new complications and along with my wanting an appeal; I would like to amend my disability application to add on this to my pre-existing listed disabilities. I want to know why my back pain issues were never brought up and I wasn't sent to specialists to check further into my 1st claim as well as asthma/allergies/diabetes, depression . . . back problems which are now complicating my ability to work full-time.

6

(AR, p. 175).  In a disability report-appeal, Ms. Patton noted her first visit to Rapid City Public Health Services of 3200 Canyon Lake Road, Rapid City, South Dakota [Sioux San Indian Health Services hospital and clinic] (hereafter "IHS") was in the 1990s, with her most recent visit being August 23, 2007.  Id. at p. 181.  This report noted her most recent outpatient visit to Rapid City Regional Hospital ("RCRH") was August 21, 2007.  Id.  The report also noted her next IHS appointment was scheduled for September 14, 2007.  Id.

On February 18, 2008, Ms. Patton again reported concern about her back pain:

> I haven't seen a specialist for my back.  My pain gets worse every day and I haven't even seen a spine specialist.  All I'm given are pain pills until next Dr. visit.  I need to see a back/spine specialist because according to the MRI results I have degenerative discs . . . . I cannot afford to see a spine doctor but, I do know I need to see one. . . . my chronic and persistent back pain.  I have been working but; only because of the Vicodin and I'm tired of living on pain pills.  I need to know if surgery can help my back.

Id. at p. 188.  The next disability report-appeal again noted Ms. Patton's visits to IHS and RCRH.  Id. at p. 194.  This report indicated her last outpatient visit to IHS was on February 7, 2008, with the next appointment scheduled for March 5, 2008, while her last visit to RCRH was on January 28, 2008.  Id.  Despite these updated reports from Ms. Patton, the administrative records show only the following records were obtained:

7

>IHS, emergency room records, dated August 28, 2004, to September 28, 2006; and

>RCRH, emergency room records dated August 2, 2005, to April 3, 2006, and August 6, 2006, to August 20, 2007.

Id., Exhibits 4F, 5F, and 6F.

The ALJ commented about Ms. Patton's allegations of problems with her back. Id. at p. 15. The ALJ found that "[w]hile [Ms. Patton] does have degenerative disc disease/sciatica, this impairment is not severe. As discussed below, the claimant's medical records contained limited objective findings with regard to her back." Id. Despite her complaints that back problems interfered with her ability to work even part-time, the ALJ found the "medical evidence . . . does not support the extent of her allegation." Id. at p. 18.

Because they were not part of the administrative record, the following medical records during the relevant time period [August 2, 2005 to April 2, 2009] may shed additional light on the ALJ's concern about Ms. Patton's allegations of back pain:[3]

---

[3] At each of these visits, Ms. Patton was given the following muscle relaxers and pain medications either individually or in combination: methocarbamol, acetaminophen, tramadol, hydrocodone, vicoden, oxycodone, lidocaine patches, and morphine.

8

| DATE | FACILITY | SYMPTOM |
| --- | --- | --- |
| 04/30/07 | IHS | low back pain with positive straight leg raise and left-leg radiculopathy with radiological abnormalities |
| 06/11/07 | IHS | constant low back pain with radiculopathy |
| 06/19/07 | IHS | chronic low back pain, with evidence of disk height loss by earlier x-rays |
| 12/05/07 | IHS ER | low back pain |
| 03/24/08 | RCRH ER | low back pain |
| 04/03/08 | RCRH ER | low back pain |
| 05/03/08 | RCRH ER | low back pain |
| 05/23/08 | RCRH ER | low back pain |
| 06/03/08 | IHS ER | chronic low back pain |
| 07/14/08 | IHS | chronic low back pain |
| 10/31/08 | RCRH ER | low back pain |
| 11/21/08 | IHS ER | chronic back pain in left lower back which radiates to left lower leg |
| 12/30/08 | RCRH ER | low back pain |
| 02/03/09 | IHS | pain is isolated to left lumbar scaral region with radiation of pain down her posterior interior leg |
| 03/02/09 | IHS | low back pain 5/10 radiates half down left hamstring, worse after standing for 5 hours at work, better when lying down |
| 03/31/09 | IHS | chronic back pain |

(Docket 21-1). In addition to not being available to the ALJ, these medical records were not available to Dr. Wessel, who conducted a consultative

examination of Ms. Patton, or Dr. Whittle, who then conducted a medical records review.[4]  (AR, Exhibits 1F and 8F).

"[S]ocial security hearings are non-adversarial." Snead v. Barnhart, 360 F.3d 834, 838 (8th Cir. 2004).  "Well-settled precedent confirms that the ALJ bears a responsibility to develop the record fairly and fully, independent of the claimant's burden to press his case." Id.  "The ALJ possesses no interest in denying benefits and must act neutrally in developing the record." Id.

The ALJ gave less credibility to Ms. Patton's subjective complaints of back pain because of the incomplete medical records which were in the administrative record.  "The credibility of a claimant's subjective testimony is primarily for the ALJ to decide, not the courts." Vossen v. Astrue, 612 F.3d 1011, 1017 (8th Cir. 2010).  "If the ALJ had conducted a further inquiry, he might have discovered clinical evidence supporting [Ms. Patton's] opinion . . . ." Snead, 360 F.3d at 839.  "Because this evidence might have altered the outcome of the disability determination, the ALJ's failure to elicit it prejudiced [Ms. Patton] in [her] pursuit of benefits." Id.  Once aware of

---

[4] Of separate concern to the court is the fact that Dr. Wessel's report recommended an MRI be done, yet neither he nor Dr. Whittle ever considered the results of the MRI report before arriving at their ultimate conclusions regarding Ms. Patton's back and its effect on her mobility.  The ALJ mentions the MRI results, but there is no medical expert who incorporated those findings into any medical diagnosis.

the existence of additional medical records, the ALJ should have taken steps to develop the record sufficiently to allow Ms. Patton a resolution of her case based upon the complete record.

The Commissioner argues the ALJ would not have considered these missing records material and would have not changed his decision because of them. (Docket 28, pp. 23-25). It would be unfair to both Ms. Patton and the Commissioner for the court to engage in speculation or conjecture as to how the ALJ would evaluate the extensive, relevant medical records which the agency failed to incorporate into the administrative record before the ALJ completed his analysis and decision. The Commissioner offers no explanation or good reason why these relevant medical records were never requested. See 20 C.F.R. § 404.1512(d).

The court finds the medical records are "[m]aterial . . . non-cumulative . . . and probative of [Ms. Patton's] condition for the time period for which benefits were denied . . . ." Krogmeier, 294 F.3d at 1025. There is a "reasonable likelihood" that these records would have an impact upon and change the Commissioner's decision. Id. The court finds good cause exists and it would be unfair and prejudicial to both parties to ignore the failure of the Social Security Administration to properly develop the full record. Haley, 258 F.3d at 750.

## ORDER

Based upon the above analysis, it is hereby

ORDERED that plaintiff's motion (Docket 20) is granted in part and denied in part.

IT IS FURTHER ORDERED that pursuant to sentence six of 42 U.S.C. § 405(g) the decision of the Commissioner is vacated and the case is remanded for a new hearing.

Dated November 28, 2011.

BY THE COURT:

/s/ *Jeffrey L. Viken*
JEFFREY L. VIKEN
UNITED STATES DISTRICT JUDGE